ANNA BEVERLY, Appellant, v. THE SUPREME TENT OF MACCABEES OF THE WORLD, Appellee.

**Defense of Suicide:** *Sufficiency of evidence.* Defendant in an action on a life policy, defended on the ground that the insured committed suicide, and it was shown that insured, who was conducting a losing business, went to the basement alone, his countenance at the time being pale, and his conduct indicating distress of mind, and that within two or three minutes the sound of a pistol was heard, preceded by no outcry or altercation, and insured was found with a bullet wound in his temple, and a revolver near him on the floor. The revolver was identified as one previously seen in the insured's desk, and there was no evidence that insured had any enemies, or anything of value on his person, or that there was any means

of access to the basement except the door through which insured entered. *Held*, sufficient to justify a finding for defendant.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

SATURDAY, FEBRUARY 1, 1902.

The defendant is a fraternal life insurance association. Charles Beverly became a member of said association September 22, 1897, and died April 21, 1898. His widow, Anna Beverly, who is the beneficiary named in the certificate of membership, brings this action thereon to recover the sum of $2,000, and to require the proper officers of said association to levy and collect such assessments upon the membership as may be necessary to meet her demand. The defendant admits the membership of Beverly, and his death while in good standing, but alleges that he committed suicide, and that under the contract between the association and its members no recovery can be had upon any policy or certificate of insurance where the insured dies by his own hand within one year from the date of his admission to the association. Trial to the court without a jury. Judgment for defendant and plaintiff appeals.—*Affirmed.*

*Binford & Snelling* for appellant.

*B. F. Cummings* and *Carney & Holt* for appellee.

WEAVER, J.—In his application for membership Beverly among other things, subscribed to the following condition: "I also agree that, should I commit suicide within one year from the date of my admission into the order, whether sane or insane at the time, that this contract shall be null and void, and of no binding force upon said supreme tent." There is no controversy as to the validity of this condition, and it is conceded that if Beverly committed sui-

cide, and such fact is sufficiently shown by the evidence, the judgment of the district court was right. To this question of fact, and to this alone, arguments of counsel on both sides are devoted. There is no conflict in the testimony. Beverly was engaged in a losing business, was evidently considerably discouraged, and there is evidence which tends in some degree to show that he had attempted suicide on a former occasion. The witness who last saw him as he went into the basement where the shooting occurred a moment later, speaks of his countenance as being pale and haggard, and his conduct generally as indicating distress of mind. He went into the basement alone, and within a very short time—two or three minutes, the witness says—the sound of a pistol was heard, preceded by no outcry or sound of altercation. Several persons hurrying to the scene found the man dying, with a bullet wound in the temple and a revolver upon the floor near his prostrate form. The revolver was identified by several witnesses as being one or like one they had before that time seen in the unfortunate man's desk. So far as revealed by the evidence, he had not an enemy in the world, and there was nothing upon his person to tempt the cupidity of a murderous robber. No other person was seen in that immediate vicinity, and if there was any open access to or exit from the basement except the door through which he entered on that fatal occasion it is not shown in the record. These, with other minor circumstances not here enumerated, compel us to concur with the court below in the conclusion reached. We recognize the justice and force of the proposition that no presumption of suicide attaches to the death of any person; and when, as in this case, self-destruction is alleged as a defense, the defendant is charged with the burden of establishing the truth of such allegation. That burden the appellee assumed in this case; and the testimony produced, standing as it does, undenied and unexplained, fairly establishes the defense pleaded. We have read the

record with more than ordinary care, realizing the importance of this decision to the wife who has been widowed under such sorrowful circumstances, and the conclusion we have reached is, in our judgment, unavoidable.—AFFIRMED.